```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------
In re
                WALTER M. SERES                               08-12185 B


                        Debtor
-----------------------------------------------------
FORD CREDIT TITLING TRUST,

                        Plaintiff

              v.                                             AP 09-01289 B

WALTER M. SERES,
MARK S. WALLACH, AS CHAPTER 7 TRUSTEE
 FOR THE ESTATE OF WALTER M. SERES,

                Defendants
-----------------------------------------------------
```

                      Penney, Maier & Wallach
                      Mark S. Wallach, Esq.,of counsel
                      169 Delaware Avenue
                      Buffalo, New York 14202
                      Attorneys for the Trustee

                      Phillips, Lytle LLP
                      Angela Z. Miller, Esq., of counsel
                      Suite 3400
                      One HSBC Center
                      Buffalo, New York 14203
                      Attorneys for Ford Credit Titling Trust

                      Edward J. Dinki, Esq.
                      12364 Main Road
                      Akron, New York 14001
                      Attorney for the Debtor, Walter M. Seres


Bucki, U.S.B.J.

        In this Chapter 7 case, we consider the reasonableness of a personal injury settlement and the consequences of the debtor's failure to disclose the existence of the underlying cause of action.

        In 2003, Walter Seres commenced a state court action against Kevin Scarsella, Joanne Scarsella and Ford Credit Titling Trust to recover damages for personal injuries arising from an automobile accident. When the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in 2008, however, he failed to disclose the existence of the injury cause of action

either in his schedules or in response to inquiry from the trustee at the first meeting of creditors. Consequently, the trustee filed a report indicating the absence of any administrable assets, and the clerk of this court closed this case on October 27, 2008. Meanwhile, in state court, Ford Credit Titling Trust successfully moved to dismiss the outstanding action against it, on the ground that any cause of action belonged not to Walter Seres, but to the bankruptcy estate. Learning then about the personal injury for the first time, the trustee reopened the bankruptcy case in May 2009 and started a new proceeding in state court. In response to that reopening, Ford Credit Titling Trust commenced in bankruptcy court an adversary proceeding which essentially requests a judgment declaring that the debtor and trustee are estopped from pursuing the state court action. Then on August 16, 2010, the debtor finally amended his schedules to report a personal injury cause of action having an estimated value of $3,750,000. Pursuant to New York Debtor and Creditor Law §282(3)(iii), the amendment further claimed an exemption of $7,500 with respect to any recovery.

The Chapter 7 trustee now presents two motions. The first asks the court to approve a settlement of both the personal injury action in state court and the adversary proceeding in bankruptcy court. Under terms of the settlement, Mr. and Mrs Scarsella and Ford Credit Titling Trust would pay $75,000 to the bankruptcy estate in full satisfaction of all claims against them. In recommending the settlement, the trustee states that he relies on the opinion of special counsel that the settlement represents a fair and reasonable resolution of the underlying dispute. The second motion seeks to disallow the debtor's claim of an exemption with respect to any portion of the settlement proceeds, or alternatively to surcharge the exemption for costs that the trustee incurred by reason of the failure to disclose the exemption. The trustee contends that the debtor's lack of good faith compels one or the other of these outcomes.

The debtor objects to both of the trustee's motions. Mr. Seres contends that he suffered injuries that warrant a recovery of damages far greater than the proposed settlement. He further argues that his failure to disclose the personal injury was an unintentional oversight that should not impair his entitlement to compensation.

With respect to the two motions, the debtor asserts positions that are inconsistent with each other. To the extent that the debtor has suffered injuries that are so serious as to render the proposed settlement unreasonable, he would have no good excuse for any forgetfulness in failing to disclose his claim to the trustee. On the other hand, in an affidavit submitted in opposition to the trustee's motion to disallow an exemption, the debtor explains that he really did not feel that he would "ever see any funds." If he is correct in this later assertion, then we may fairly conclude that the trustee has achieved a reasonable recovery in circumstances where no recovery was expected.

The debtor's objection to the proposed settlement is overruled for two independent reasons. First, I agree with the trustee's position that under the particular facts of this case, the debtor is estopped from challenging the recommended settlement. Despite the alleged gravity of his injury, the debtor failed to report the cause of action in his asset schedules. Then at the first meeting of creditors, the debtor told the trustee that no such cause of action existed. Relying on this information, the trustee filed a report that led to a closing of the case. Moreover, the failure to disclose information prevented the trustee's participation in the state court proceeding, and seriously complicated the prosecution of the personal injury claim. Thus we find necessary elements of estoppel: a willful misrepresentation upon which the trustee would rely to the detriment of the bankruptcy estate. *Arizona ex rel. Gaines v. Cooper Queen Consol. Mining Co.*, 233 U.S. 87, 95 (1914), 28 AM. JUR. 2D *Estoppel and Waiver* §27 (2000). Essentially, by failing to disclose its existence, the debtor represented that the personal injury cause of action had no more than *de minimus* value. The court will hold the debtor to that representation, so that the debtor will not now be heard to object to a settlement for the sum that the trustee proposes to accept.

Even if estoppel did not preclude the debtor's objection, I would approve the settlement as a proper exercise of the trustee's discretion. To assist with prosecution of the personal injury claim, the trustee secured authorization to continue the services of the same attorneys that the debtor had selected to litigate the matter. Those counsel have now offered their professional recommendation that the settlement be approved. Accordingly, the trustee has shown

a reasonable basis for accepting the proposed settlement. In response, Mr. Seres has presented letters from his physician, who describes the nature and cause of his injury. While the court sympathizes with Mr. Seres for his suffering, these letters do not demonstrate how the settlement would constitute an abuse of discretion. They fail to evaluate the strength of the underlying legal claim or the impact of potential defenses, such as the possibility of contributory negligence. Effectively, the debtor provides no response to the professional recommendation of the attorneys that he himself selected. By a preponderance of the evidence, therefore, the trustee has demonstrated the reasonableness of the proposed settlement.

This decision is not an invitation for trustees to settle personal injury claims for amounts that suffice only to satisfy outstanding claims against the bankruptcy estate. Personal injury causes of action are property of the bankruptcy estate under 11 U.S.C. §541, but the debtor retains a residual interest for any value in excess of estate liabilities. Accordingly, this court has denied proposed settlements that fail to safeguard the reasonable possibility of an award that would create a surplus for distribution to the debtor. In the present instance, however, the debtor offers no persuasive rebuttal to the professional recommendation of the debtor’s personal injury counsel. Under these circumstances, the court will not allow the debtor to endanger the certainty of a reasonable distribution to creditors, so that he might pursue a hope for personal benefit without any personal risk to himself.

The trustee has also moved to disallow or to surcharge the debtor’s claim of an exemption for settlement proceeds in the amount of $7,500. Because the trustee relied upon the debtor’s non-disclosure of a personal injury claim, estoppel precludes the debtor’s objection to the trustee’s proposed settlement. The late claim of an exemption presents a different issue, however. Having made no distribution to creditors, the trustee has suggested no detrimental reliance from the absence of any exemption claim. Moreover, Bankruptcy Rule 1009(a) states that “[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed.” Implicitly, the debtor may remedy his bad faith in any initial failure to file comprehensive schedules. For these reasons, I reject the request to disallow the full amount

of the debtor's exemption claim. Nonetheless, the bankruptcy process requires the total cooperation of the debtor, and consequences do follow from a lack of disclosure. Here, the trustee incurred additional costs as a result of the debtor's actions. These expenses include legal fees as well as filing fees associated with the commencement of a new action in state court. Because creditors should not suffer the losses that result from a violation of disclosure obligations under 11 U.S.C. §521(a), the court will surcharge the debtor's exemption for the reasonable value of any cost to the estate. Because the trustee has provided no itemization of any such damages, however, we have no basis to determine the amount of an appropriate surcharge. At this time, therefore, the court rules only that the exemption is subject to surcharge, for an amount to be determined upon the trustee's further application on notice to the debtor.

By reason of the foregoing, the trustee's motion to approve the proposed settlement of the debtor's personal injury cause of action is granted. The court will deny the request to disallow a personal injury exemption, but will grant the alternative request to surcharge that exemption. The trustee shall make a separate application to determine the amount of that surcharge.

So ordered.

Dated:  Buffalo, New York         /s/     CARL L. BUCKI
        October 1, 2010           Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.